# EXHIBIT 1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ALEX NAVARRO,

CASE NO.:

Plaintiff,

v.

THE KEYES COMPANY,

Defendant.
___________________________________/

**COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME VIOLATIONS**

Plaintiff, ALEX NAVARRO, ("Plaintiff"), on behalf of himself and all others similarly situated as permitted by 29 U.S.C. 216(b), sues the Defendant, THE KEYES COMPANY, ("Defendant"), and alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action to recover money damages for unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees against the Defendant under the laws of the United States arising under the Fair Labor Standards Act 29 U.S.C.§201-216 ("FLSA").

2. Jurisdiction is conferred by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §216(b) and because this action is for damages in an amount in excess of $30,000.00.

3. Plaintiff is a resident of Miami-Dade County, Florida, and within the jurisdiction of this Court.

4. Defendant is duly registered with their principal place of business in Miami-Dade

County, Florida.

5. Venue is proper in Miami-Dade County pursuant to §47.041, Fla. Stat. because the cause of action arose there.

6. All conditions precedent to the maintenance of this matter have been met or waived.

**FLSA COVERAGE**

7. Defendant is a company that regularly transacts business within Miami-Dade County, where Plaintiff is employed, and at all times material was and is engaged in interstate commerce.

8. Plaintiff's work duties for the Defendant affected interstate commerce. Specifically, Plaintiff worked (and indeed still works) in the job title "Accountant - Property Management" and handles non-exempt office duties for Defendant.

9. Defendant is an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203(s). More specifically, Defendant was, during all times material hereto, an enterprises engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff's was within interstate commerce.

10. Upon information and belief, it was the FLSA employer for Plaintiff during the entire period of Plaintiff's employment ("the relevant time period").

11. Upon information and belief, the annual gross revenues of Defendant were in excess of $500,000.00 per annum.

12. The additional persons or people who may become Plaintiffs in this action are employees and/or former employees of Defendant who, like Plaintiff, performed more than (40) hours of work per week without receiving the compensation required under the FLSA for the hours they worked in excess of forty (40) hours per week. All such similarly situated employees and

former employees of Defendant are owed the compensation required under the FLSA for the hours that they work in excess of forty (40) hours per week.

13. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**PLAINTIFF'S EMPLOYMENT**

14. Plaintiff is employed as a salaried employee working as an "Accountant - Property Management" for Defendant for approximately the last eight years. As relevant to this action, during the relevant time period, Plaintiff worked overtime on innumerable occasions. Plaintiff was paid a salary and was never paid overtime for the hours he worked for the Defendant in excess of 40 per week. Therefore, Plaintiff claims the difference between Plaintiff's average hourly rate and the applicable minimum wage rate for all hours worked in excess of 40 per week. Plaintiff is also owed overtime wages at the rate of time-and-one-half of his hourly-rate for the hours that went uncompensated and which were untimely paid.

**FEDERAL OVERTIME WAGE VIOLATION**

15. 29 U.S.C. §207(a)(1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise in commerce or in the production of goods for commerce, for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed."

16. Plaintiff worked in excess of forty hours per week during the relevant time period . Plaintiff was never compensated for the overtime hours that he worked. Plaintiff is entitled to be paid overtime wages at a rate of time-and-one-half the regular rate as required by the

FLSA for those hours in which he worked more than forty hours per week, but received no compensation.

17. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendant to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendant's business activities involve those to which the FLSA applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the FLSA applies to Plaintiff's work for the Defendant.

19. Additionally, Defendant regularly employed two or more or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the FLSA.

20. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the FLSA. Defendant had knowledge of Plaintiff's work schedule and the amount of hours he worked. Defendant had

knowledge that Plaintiff worked over 40 hours weekly. Defendant knew or should have known the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages. In fact, Defendant told Plaintiff to stop recording his hours so that it could claim ignorance of the fact that he was working overtime.

WHEREFORE, Plaintiff ALEX NAVARRO requests compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant THE KEYES COMPANY pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's employment during the relevant time period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances, after trial by jury, which is hereby demanded for all issues so triable of right by jury.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury for all issues so triable of right by jury.

Dated this August 5, 2022.

Respectfully submitted,

**FEILER & LEACH, P.L.**
Attorneys for Plaintiff
The American Airlines Building
901 Ponce de Leon Boulevard
Suite # 300
Coral Gables, Florida 33134
Telephone (305) 441-8818
Facsimile (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com

By: /s/ Martin E. Leach
**Martin E. Leach**
Florida Bar No. 0037990